YABUCOA SUGAR COMPANY, APPELLANT, v. REGISTRAR OF
HUMACAO, RESPONDENT.

Appeal from a Decision of the Registrar of Property
Refusing to Record a Deed of Purchase and Sale.

No. 523.—Decided May 22, 1922.

RECORD OF TITLE—POWER OF ATTORNEY—ALIENATION OF PROPERTY.—Authority to
administer does not carry with it the power to sell real property and the au-
thority given by a partnership to one of its members to sign deeds of con-
veyance made by the partnership does not amount to the express power re-
quired by law and jurisprudence for the alienation of real property.

ID. — RECORDABLE DOCUMENT. — By express provision of the Mortgage Law, in
order that an act or contract may be recorded in the registry it must be set
out in a public deed, a judicial process or an authentic document issued by
judicial authority or by the government or its agents in the manner prescribed
by the regulations. A certificate issued by the secretary of a commercial,
industrial and agricultural partnership organized under the provisions of
the Civil Code, regarding a resolution adopted by the said partnership, is
not a document having all the external requirements necessary to be recorded
in the registry.

The facts are stated in the opinion.

*Mr. F. González* for the appellant.

The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of
the court.

There was presented for record in the Registry of Prop-
erty of Humacao a deed of purchase and sale of a rural
property executed on January 1, 1922, by the firm of Emilio
Colón & Sons, Limited, of Yabucoa, P. R., represented by
its manager, in favor of the Yabucoa Sugar Company, a
corporation domiciled in San Juan, P. R., and the registrar
refused to record it on the following grounds:

"Record of the present contract of sale is hereby refused after
examining a copy of articles of partnership No. 42 executed on March
29, 1920, before notary Antonio Rodríguez, of Yabucoa, and affidavit
No. 38 made before notary F. González, Jr., for the following rea-
sons: Because it does not appear that Francisco Colón Caballero
was given express power to make the conveyance sought to be re-
corded, for the following words contained in the fifth clause of the
articles of partnership do not confer upon him such express power:

'The manager shall represent the partnership in all of its acts and may sign in its name all contracts, obligations, conveyances and documents, creating rights and incumbrances, and may execute instruments, public deeds and other acts connected with or suggested by or necessary for the prosperity of the partnership.' Nor can such power be inferred from the affidavit presented, because that act should have been set out in a public deed; and also because it is not shown that Francisco, Cristóbal, Carmen and Isaura Colón are the only persons who represent the deceased partner Emilio Colón Berríos, all in accordance with the provisions of articles 18 of the Mortgage Law and 77 and 78 of the Mortgage Law Regulations, sections 1226, 1597 and 1599 of the Civil Code and the decisions reported in 20 P. R. R. 396, and 26 P. R. R. 45, and a cautionary notice has been entered  *  *  * ,  and the curable defect of failure to show the capacity and power of Martínez Domínguez to execute the contract in the name of the grantee corporation is noted.''

1. Let us examine the first defect assigned. From the articles creating the commercial, industrial and agricultural partnership executed on March 29, 1920, by Emilio Colón Berríos and Francisco, Cristóbal, Carmen and Isaura Colón Caballero, which were exhibited with the deed of purchase and sale, it appears that the parties agreed to form the said partnership in accordance with the Civil Code, to be called Emilio Colón & Sons, Limited. The articles contain various conditions. The most important one for the purposes of deciding the question at issue is the fifth, which reads as follows:

''Fifth: The management and control of the partnership shall be vested exclusively in one of the partners who shall be designated at the meeting of partners hereinafter mentioned and who shall have all of the power and authority inherent to the administration and good management of the partnership. There shall be a meeting of the partnership members every year on the 14th day of July and as many other meetings as may be necessary at the request in writing made by any of the members to the manager, who shall give the corresponding notice for that purpose to the members five days prior to the day of the meeting. In order to adopt resolutions all of the partners must be present, either in person or by proxy duly au-

thorized in writing, and resolutions shall be adopted by a majority vote, except as otherwise provided hereinafter. The manager shall represent the partnership in all of its acts and may sign in its name all contracts, obligations, conveyances and documents creating rights and encumbrances and may execute instruments, public deeds and other acts connected with or suggested by or necessary for the prosperity of the partnership. The partnership shall keep a book in which all resolutions adopted by the meetings shall be entered. The manager shall receive as compensation for his work eighteen per cent of the net profits and the amount representing it shall be credited to him whenever a balance is struck.''

There was exhibited also with the deed of sale a certificate issued by the manager of the partnership to the effect that ''at the special meeting held on the 21st of October, 1921, with the attendance of Francisco Colón, Carmen Colón, Cristóbal Colón and Isaura Colón, the only members of the partnership of Emilio Colón & Sons, Limited, who jointly represent the rights of the deceased Emilio Colón Berríos, the following resolution was unanimously adopted: To sell the Monserrate property situated in the ward of Aguacate of Yabucoa and composed of 240 acres of meadow land for the best price obtainable, authorizing the partner and manager Francisco Colón to carry out the transaction and execute the corresponding deed in favor of the grantee.'' The certificate was issued in accordance with the book of resolutions of the partnership and was subscribed and sworn to before a notary public by Francisco Colón, manager of the partnership.

In our opinion the fifth clause of the partnership articles is not sufficient of itself to empower the manager to sell the said property. Authority to manage does not carry with it the power to sell real property and the fact that the manager was authorized to *sign* in the name of the partnership deeds of conveyance made by it does not mean that he was authorized to sell real property of the partnership. Considering the terms of the partnership contract and the

law and jurisprudence, for that purpose an express resolution of the partnership was necessary. If such a resolution had been adopted it is clear that without special authority and by virtue of the provisions of the fifth clause, the manager would have had power to represent the partnership and sign the contract as such representative.

We are not in a position to determine the effect of the certificate exhibited with the deed. By the express provision of article 3 of the Mortgage Law, in order that the instruments specified in the law may be recorded in the registry they must be set out in public deeds, final judgments or authentic documents issued by judicial authority or by the Government or its agents in the form prescribed by the regulations, and although the certificate referred to is acknowledged before a notary, it is not one of the documents mentioned in said article 3. The cases of *La Plata Tobacco Company* v. *Registrar of Caguas*, 27 P. R. R. 874, and *De Jesús* v. *Registrar of Caguas*, 27 P. R. R. 876, cited by the appellant, are not applicable. They refer to corporations under certain special conditions.

2. In its brief the appellant admits that the second ground of the registrar's decision is well founded, but seems to suggest that the defect is a curable one because it could show that the partners who adopted the resolution to sell the property are the sole representatives of the deceased partner. In view of the conclusion which we have reached in discussing the first ground, it is unnecessary to decide whether or not the defect admitted to exist is curable. It is clear that if what the appellant alleges is true and is properly shown, the registrar's objection on this point will disappear.

3. As to the curable defect of failure to establish the capacity and power of the representative of the grantee corporation, nothing is said in the brief and, therefore, it will not be considered.

By virtue of all of the foregoing the decision appealed from must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.